**Birdie Mae DAVIS et al., Appellants,**

v.

**BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, ALABAMA, et al., Appellees.**

**No. 20558.**

United States Court of Appeals Fifth Circuit.

May 24, 1963.

Vernon Z. Crawford, Mobile, Ala., Jack Greenberg, Constance Baker Motley, Derrick A. Bell, Jr., New York City, Clarence E. Moses, Mobile, Ala., for appellants.

Palmer Pillans, George F. Wood, A. L. Philips, Jr., Mobile, Ala., for appellees.

Before TUTTLE, Chief Judge, and RIVES and BELL, Circuit Judges.

PER CURIAM.

This case is here on a petition for an order directing Honorable Daniel H.

Thomas, United States District Judge for the Southern District of Alabama, to amend an order entered April 25, 1963, to show a motion on behalf of appellants for an immediate order requiring the School Commissioners to submit a plan of desegregation within thirty days and that this motion was denied by the court, or in the alternative, for an order directing a prompt determination of the motion of appellants for a preliminary injunction, now under submission in the District Court.

Appellants have filed a notice of appeal. Their petition is in the nature of an appeal from the denial of the injunction sought on the premise that a failure to rule amounts to denial, and is therefore appealable, citing United States v. Lynd, 5 Cir., 1962, 301 F.2d 818. The petition is also in the nature of an application for writ of mandamus, but is deficient in this respect in that it was not brought against the District Judge, nor was he accorded an opportunity to answer.

We test the petition on the basis of whether there has been an abuse of discretion on the part of the District Judge. The assertion is that there was an abuse because briefs were requested, and time allowed for the filing thereof, by the court at the time of taking the motion under submission. Appellants contend that the court should have ruled forthwith in view of the undisputed fact that the public schools in Mobile are segregated according to race.

We hold that there was no abuse of discretion, but with this caveat. The matter of the grant or denial of the motion for preliminary injunction, should, as in every case, be promptly determined. It is the duty of Judge Thomas to promptly rule on this motion for preliminary injunction.

It appears that the public schools of Mobile are in fact segregated according to race. This will not do under Brown v. Board of Education of Topeka, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873. This decision is binding on Judge Thomas. It is binding on all District Courts and all District Judges, just as it is binding on this court. The Supreme Court in the second Brown case, 1955, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, and in Cooper v. Aaron, 1958, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5, wisely left an area of discretion in the desegregation process to the District Courts, feeling that they were close to the local problems, and to school officials, and the children involved. However, the amount of time available for the transition from segregated to desegregated schools becomes more sharply limited with the passage of the years since the first and second Brown decisions. Thus it is that this court must require prompt and reasonable starts, even displacing the District Court discretion, where local control is not desired, or is abdicated by failure to promptly act.

The petition is denied and the appeal dismissed. The Clerk is directed to issue the mandate forthwith.