**Ralph STELL et al., Appellants,**

v.

**SAVANNAH–CHATHAM COUNTY BOARD OF EDUCATION et al., Appellees.**

No. 20557.

United States Court of Appeals Fifth Circuit.

May 24, 1963.

E. H. Gadsden, B. Clarence Mayfield, Savannah, Ga., Constance Baker Motley, New York City, for appellants.

J. Walter Cowart, Savannah, Ga., Charles J. Bloch, Macon, Ga., E. Freeman Leverett, Elberton, Ga., R. Basil Morris, Savannah, Ga., for appellees.

Before TUTTLE, Chief Judge, and RIVES and BELL, Circuit Judges.

TUTTLE, Chief Judge.

This is a motion for an injunction to be entered by this Court pending our consideration on the merits of an appeal from an order of the District Court for the Southern District of Georgia dated May 13, 1963, denying appellants' motion for a preliminary injunction requiring a prompt start to the desegregation of the Savannah-Chatham County Schools.

A judgment denying a motion for preliminary injunction is an appealable order, though interlocutory. 28 U. S.C.A. § 1292(1). This Court has the power to issue all writs necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law. 28 U.S.C.A. § 1651(a). An injunction pending appeal is such a writ. Aaron v. Cooper, 8 Cir., 261 F.2d 97, 101. The power granted to Courts of Appeal under Section 1651, commonly known as the "All Writs" statute is meant to be used only in the exceptional case where there is clear abuse of discretion or usurpation of judicial power. Bankers Life & Casualty Company v. Holland, 346 U. S. 379, 74 S.Ct. 145, 98 L.Ed. 106. It

should be invoked only in "extreme cases." LaBuy v. Hawes Leather Company, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290. This is such a case.

The trial court made the following finding of fact touching on the critical question as to whether the primary and secondary schools of Savannah-Chatham County are racially segregated:

> "The primary and secondary public schools of Savannah-Chatham County are divided into schools for white pupils and schools for negro pupils and admission thereto is limited to applicants of the respective races."

The Supreme Court of the United States, in Brown v. Board of Education of Topeka, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, said:

> "We conclude that in the field of public education the doctrine of 'separate but equal' has no place. Separate educational facilities are inherently unequal. Therefore, we hold that the plaintiffs and others similarly situated for whom the actions have been brought are, by reason of the segregation complained of, deprived of the equal protection of the laws guaranteed by the Fourteenth Amendment."

■ This decision by the Supreme Court should have ended the matter for the district court to the extent that upon its making this determination its duty was then to do what the Supreme Court directed to be done upon the second appearance of the Brown v. Board of Education case in the Supreme Court, 349 U.S. 294, at page 300, 75 S.Ct. 753, at page 756, 99 L.Ed. 1083, where the Court said:

> "The courts will require that the defendants make a prompt and reasonable start toward full compliance with our May 17, 1954, ruling. *Once such a start has been made,* the courts may find that additional time is necessary to carry out the ruling in an effective manner." (Emphasis added).

Instead of doing this the trial court permitted an intervention by parties whose sole purpose for intervening was to adduce proof as a factual basis for an effort to ask the Supreme Court to reverse its decision in Brown v. Topeka Board of Education. The court then permitted evidence in support of this approach by the intervenors, and denied the appellants' motion for preliminary injunction solely on the basis of such evidence, which, briefly stated, tended to support the thesis that compliance with the Supreme Court's decision would be detrimental to both the Negro plaintiffs and to white students in the Savannah-Chatham County school system.

The district court for the Southern District of Georgia is bound by the decision of the United States Supreme Court, as are we. Unless and until that Court overrules its decision in Brown v. Topeka, no trial court may, upon finding the existence of a segregated school system, refrain from acting as required by the Supreme Court merely because such district court may conclude that the Supreme Court erred either as to its facts or as to the law.

It is, therefore, clear that on the day of the entry by the trial court of its order it was a clear abuse of its discretion for the trial court to deny appellants' motion for a preliminary injunction requiring the defendant School Board to make a prompt and reasonable start towards desegregating the Savannah-Chatham County schools.

In such circumstances, because it has now been more than nine years since the Supreme Court made it plain what the duties of the Boards of Education are under such circumstances, and because any further delay might prevent the enjoyment by the appellants of their clear rights as of the beginning of a new school year in September, 1963, we must determine what relief should be granted in response to this present motion.

■ We have heretofore concluded that this Court has the power to grant an injunction pending the final hearing of

the case on the merits in the Court of Appeals. However, it is clearly more desirable for injunctive relief to be granted at the level of the trial court rather than by an appellate court if the same necessary results can be accomplished. Included in the powers of the Court of Appeals under the All-Writs Statute, is the power of the Court of Appeals to frame the terms of an injunction and direct the trial court to enter such injunction and make it the order of the trial court. See Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719. There the Supreme Court said:

> "Under § 262 of the Judicial Code [the predecessor of the All-Writs statute] [the Court of Appeals] had the right to issue all writs not specifically provided for by statute which might be necessary for the exercise of its appellate jurisdiction. It could, therefore, itself have enjoined the Toledo Company from interfering with the execution of its own decree, Merrimac River Savings Bank v. Clay Center, 219 U.S. 527, 535 [31 S.Ct. 295, 55 L.Ed. 320]; or it could direct the District Court to do so, as it did." 261 U.S. 399, 426, 43 S.Ct. 458, 465, 67 L.Ed. 719.

We think it appropriate, therefore, to frame an injunction and direct by mandate that this injunction be made the order of the District Court.

It is, therefore, ordered that the District Court for the Southern District of Georgia enter the following judgment and order:

> "The defendant, Savannah-Chatham County Board of Education and the other individual defendants (naming them specifically) and their agents, servants, employees, successors in office and those in concert with them who shall receive notice of this order, be and they are hereby restrained and enjoined from requiring and permitting segregation of the races in any school under their supervision, from and after such time as may be necessary to make arrangements for admission of children to such schools on a racially non-discriminatory basis with all deliberate speed, as required by the Supreme Court in Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.

> "It is further ordered, adjudged and decreed that said persons be and they are hereby required to submit to this Court not later than July 1, 1963, a plan under which the said defendants propose to make an immediate start in the desegregation of the schols of Savannah-Chatham County, which plan shall include a statement that the maintenance of separate schools for the Negro and white children of Savannah shall be completely ended with respect to at least one grade during the school year commencing September, 1963, and with respect to at least one additional grade each school year thereafter."

This order shall remain in effect until the final determination of the appeal of the within case in the Court of Appeals for the Fifth Circuit on the merits, and until the further order of this Court. During the pendency of this order the trial court is further directed to enter such other and further orders as may be appropriate or necessary in carrying out the expressed terms of this order.

The Clerk is directed to issue the mandate forthwith.