**Birdie Mae DAVIS et al., Appellants,**

v.

**BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, ALABAMA et al., Appellees.**

**No. 20657.**

United States Court of Appeals
Fifth Circuit.

July 9, 1963.

On Rehearing July 18, 1963.

Dissenting Opinion July 30, 1963.

Certiorari Denied Oct. 28, 1963.

See 84 S.Ct. 170.

Bell, Circuit Judge, dissented on original hearing and dissented in part on rehearing.

Cameron, Circuit Judge, dissented from refusal to grant an en banc hearing.

Vernon Z. Crawford, Mobile, Ala., C. B. Motley, New York City, for appellants.

George F. Wood, Mobile, Ala., Joseph F. Johnston, Birmingham, Ala., for appellees.

Before BROWN, WISDOM and BELL, Circuit Judges.

PER CURIAM.

Plaintiffs here seek an injunction by this Court pending our determination of the merits of an appeal from an order entered on June 24, 1963, by the District Court for the Southern District of Alabama. This suit originated when Plaintiffs filed a class action seeking the desegregation of the Mobile County school system. Plaintiffs sought an immediate order requiring the Defendant School Commissioners to submit a plan of desegregation within thirty days. This motion was denied by the District Court. In the alternative, Plaintiffs sought a preliminary and permanent injunction prohibiting the further operation of segregated schools. The Court took this motion under submission and ordered briefs to be filed within a specified time. Plaintiffs appealed from this ruling asserting that the failure to immediately rule on the motion for preliminary injunction amounted to a denial of the motion. On that appeal, this Court held that the trial Judge had not abused his discretion. Davis v. Board of School Commissioners of Mobile County, 5 Cir., 1963, 318 F.2d 63.

Subsequently, the District Court held a hearing and made the following determination. By its order of June 24, the Court denied Plaintiffs' motion for preliminary injunction. The case was set for trial on November 14, 1963 and the Defendants were directed "to present at the trial * * * a specific plan for the operation of the schools under their authority and control on a racially non-discriminatory basis, consistent with the principles established by the Supreme Court, to commence not later than the beginning of the 1964–65 school year." It is from this order that Plaintiffs have appealed to this Court, seeking in the

meantime an injunction requiring the Mobile County schools to commence integration not later than September 1963.

We are in agreement with Plaintiff's theory. The Defendant Board has not come forward with an acceptable reason why the integration program should be further delayed. No one disputes that the public schools of Mobile County are presently operated on a segregated basis.

"It is now more than nine years since this Court held in the first Brown decision * * * 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, that racial segregation in state public schools violates the Equal Protection Clause of the Fourteenth Amendment.

*    *    *    *    *    *

"Given the extended time which has elapsed, it is far from clear that the mandate of the second Brown decision [349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083] requiring that desegregation proceed with 'all deliberate speed' would today be fully satisfied by types of plans or programs for desegregation of public educational facilities which eight years ago might have been deemed sufficient. Brown never contemplated that the concept of 'deliberate speed' would countenance indefinite delay in elimination of racial barriers in schools * * *." Watson v. City of Memphis, 1963, 373 U.S. 526, 83 S.Ct. 1314, 10 L. Ed.2d 529.

"Now * * * eight years after [the second Brown decision] was rendered and over nine years after the first Brown decision, the context in which we must interpret and apply this language ['all deliberate speed'] to plans for desegregation has been significantly altered." Goss v. Board of Education of City of Knoxville, 1963, 373 U.S. 683, 83 S.Ct. 1405, 10 L.Ed.2d 632.

■■■ The District Judge in his memorandum opinion discusses two principal reasons why preliminary injunctive relief should not now be granted. The first is that there would be an impossible ad-

ministrative burden placed on the school system. The second is the Court's belief, based upon experience over the past several years in other race civil rights matters, that if this action is not too hastily taken, the problem will work itself out with no strife or similar consequences.

For reasons which bear on both of them, we think neither of these grounds is sufficient. The administrative problem is not one created by the Plaintiffs. They have for nearly a year sought without success to get the school authorities to desegregate the schools. The fact that the suit was not filed until March 1963 is not therefore of controlling importance. As to the second ground, there is nothing on the present record to afford either the District Judge or this Court any assurance that the requested forebearance will produce effective results. The Defendants have not even answered as yet. They have filed a motion to dismiss for failure to state a claim. Although it seems to be acknowledged on all hands that a racially segregated system is still maintained, the Defendants' legal position under this motion is that the Plaintiffs have not set forth a claim entitling them to relief. So far as this record shows, the Defendant school authorities have not to this day ever acknowledged that (a) the present system is constitutionally invalid or (b) that there is any obligation on their part to make any changes at any time. At this late date the Plaintiffs, who represent Negro children who are presently being denied constitutional rights, are entitled to minimum effective relief. With the trial date now fixed in November, it means that effective relief is denied for another school year with no assurance that even at such later date anything but a reaffirmation of the teaching of the Brown decision will be forthcoming. The Plaintiffs showed a clear case entitling them to interim relief pending a final hearing, and it was an abuse of the District Court's discretion not to enter a preliminary injunction.

■■ The "All Writs" statute, 28 U.S.C.A. § 1651, gives us the power to

grant the relief sought by Plaintiffs. Stell v. Savannah-Chatham County Board of Education, 5 Cir., 1963, 318 F.2d 425. However, as in that case, we think it more appropriate to frame the injunction and direct by mandate that this injunction be made the order of the District Court.

It is therefore, ORDERED that the District Court for the Southern District of Alabama enter the following judgment and order:

"The Defendant, Board of School Commissioners of Mobile County and the other individual Defendants (naming them specifically) and their agents, servants, employees, successors in office and those in concert with them who shall receive notice of this order, be and they are hereby restrained and enjoined from requiring and permitting segregation of the races in any school under their supervision, from and after such time as may be necessary to make arrangements for admission of children to such schools on a racially non-discriminatory basis with all deliberate speed, as required by the Supreme Court in Brown v. Board of Education of Topeka, 1955, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.

"It is further ordered, adjudged and decreed that said persons be and they are hereby required to make an immediate start in the desegregation of the school of Mobile County, and that a plan be submitted to the District Court by August 1, 1963, which shall include a statement that the maintenance of separate schools for the Negro and white children of Mobile County shall be completely ended with respect to the first grade during the school year commencing September 1963, and with respect to at least one successively higher additional grade each school year thereafter."

The District Court may modify this order to defer desegregation of rural schools in Mobile County until September 1964, should the District Court after further hearing conclude that special planning of administrative problems for rural schools in the county make it impracticable for such schools to start desegregation in September 1963.

This order shall remain in effect until the final determination of the appeal of the within case in the Court of Appeals for the Fifth Circuit on the merits, and until the further order of this Court. During the pendency of this order the trial court is further directed to enter such other and further orders as may be appropriate or necessary in carrying out the expressed terms of this order.

The Clerk is directed to issue the mandate forthwith.

BELL, Circuit Judge (dissenting).

I dissent. I would support the view of the District Judge that the time remaining before the opening of school in September is insufficient to make the change from a segregated to a desegregated school system as requested.

The chance of disruption of the educational process in Mobile likely to be encountered in planning and effecting the necessary changes on such short notice outweighs the damage which may be incurred by Plaintiffs in waiting another year. Thus, I would not hold that the District Judge abused his discretion. The loss of the year can be made up by requiring that two grades be desegregated beginning in 1964. I would join in the order if it encompassed this change.

Time for the effectuation of orderly school management procedures is essential, and we should be careful not to give rise to an untoward situation in school administration at this late hour. Registration for the upcoming term has been completed, and school officials and staffs are in the vacation season. This is particularly so where we are passing on a motion in a case not filed until March, 1963.

On Petition for Rehearing.

PER CURIAM.

This matter is before the Court on the petitioners' application for a rehearing.

July 9, 1963, this Court by mandate directed the District Court to enter an injunction and order requiring the Board of Commissioners of Mobile County to submit to the District Court by August 1, 1963, a step-ladder plan for desegregating the public schools in Mobile, starting with the first grade in September 1963. Three days later, another panel of the Court decided Armstrong v. Board of Education of the City of Birmingham, No. 20595, 5 Cir., 323 F.2d 333. In that case the Court declined to issue an injunction pending appeal which would go so far as to provide "when and how the complete desegregation of the public schools may be accomplished." The Court's mandate requires the Birmingham School Board to submit by August 19, 1963, a plan for an immediate start in desegregation by applying the Alabama Pupil Placement Law to all school grades.

■ At this initial stage in the travail of desegregating the public schools in Alabama, the School Boards of Mobile and Birmingham face substantially the same social, legal, and administrative difficulties. We express no opinion of the merits of uniformity in school desegregation as against a school board's tailoring a plan and a trial judge's shaping a decree, to fit a particular school system. But we have reached the conclusion that at this early point in the legal proceedings, at a time when no school board in Alabama has formulated any plan for desegregation, there should not be one law for Birmingham and another for Mobile. We have decided therefore to conform the Mobile order to the Birmingham order.

Accordingly, the Court amends the judgment and order of July 9, 1963, issued as the mandate, by deleting the following paragraph:

"It is further ordered, adjudged and decreed that said persons be and they are hereby required to make an immediate start in the desegregation of the school of Mobile County, and that a plan be submitted to the District Court by August 1, 1963, which shall include a statement that the maintenance of separate schools for the Negro and white children of Mobile County shall be completely ended with respect to the first grade during the school year commencing September 1963, and with respect to at least one successively higher additional grade each school year thereafter."

and, in lieu thereof, directs the District Court for the Southern District of Alabama to enter the following paragraph as its judgment and order:

"It is further ordered, adjudged and decreed that said persons be and they are hereby required to submit to this Court not later than August 19, 1963, a plan under which the said defendants propose to make an immediate start in the desegregation of the schools of Mobile County, Alabama, which plan shall effectively provide for the carrying into effect not later than the beginning of the school year commencing September 1963 and thereafter of the Alabama Pupil Placement Law as to all school grades without racial discrimination, including 'the admission of new pupils entering the first grade, or coming into the County for the first time, on a nonracial basis,' Augustus v. Board of Public Instruction, 5 Cir., 1962, 306 F.2d 862, 869 (that opinion describes such a plan which has been approved and is operating in Pensacola, Florida)."

As in the Birmingham decision, the order contemplates a full hearing before the District Court. The District Court will therefore go forward with the trial already fixed for November 14, 1963.

Except to the extent expressly granted herein, the petitioners' application for a rehearing is denied.

The Clerk is directed to issue the mandate, as amended, forthwith.

BELL, Circuit Judge (concurring in part and dissenting in part).

The modification by the majority of their prior order in this case compounds error. Of course, I agree to the modifi-

cation to the extent that it may alleviate disruption of the educational process in Mobile during the 1963-1964 school term.

My understanding of this latest order is not altogether clear. It appears to simply require activation, under some plan yet to be worked out, of the Alabama School Placement Law which was adopted by the Legislature of that State in 1957, and which was approved as constitutional on its face in Shuttleworth v. Birmingham Board of Education, N.D.Ala., 1958, 162 F.Supp. 372, affirmed 358 U.S. 101, 79 S.Ct. 221, 3 L.Ed.2d 145. It is not likely that any appreciable amount of desegregation will take place under that law at this late date. The protective measures assured by Judge Lynne in the Armstrong case of a hearing on complaints if and where the plan or law is administered on the basis of race on five days notice is not present in Mobile. It is an inherently complicated law providing many factors which may be considered in making pupil assignments. We have only recently eliminated two of them in the Atlanta school case where we said that the use of scholastic standards and personality interviews as a basis in transfer and assignment were illegal per se when applied only to Negroes. Calhoun v. Latimer, 5 Cir., 1963, 321 F.2d 302. Others were eliminated or limited when that case was in the District Court. Calhoun v. Board of Education, N.D.Ga., 188 F.Supp. 401. Working out a meaningful plan will not be easy, and will require more than the cursory and perfunctory treatment the case has received here.

Moreover, what was done in Birmingham may or may not be relevant to Mobile. The case there had been pending in the District Court some three years. The District Court conducted a hearing and had certain representations from the school board as to how the Pupil Placement Law would be administered. Here no party has ever mentioned using this law. The District Court has never considered it.

This case is set for trial on the merits in November. A pending motion to dismiss is set at the same time. The District Court has ordered the school board to propose at that time a plan for desegregation of the school system beginning in September 1964 within the teachings of the Supreme Court decisions on that subject.

It has been the position of appellants that their ultimate right to a desegregated school system is cast in doubt by the pending motion to dismiss, and the fact that the case is set for trial on the merits even though the school system is now segregated. One of the real thrusts of the appeal is their contention that they cannot be certain that desegregation will become a reality in the school term commencing in September 1964 because of this posture of the case. An order of the type originally entered but making desegregation effective with the beginning of school in September 1964, and in at least two grades, should serve to dispel this doubt and the record warrants such an order. In warrants nothing more. The school board would have the opportunity in the interim of formulating a desegregation plan, subject to court approval, and making ready for the good faith adaptation of the plan.

The modification has been neither sought nor considered and will come as a great surprise to all. It will in all probability be ineffective. I do not understand the inordinate hurry in this case. It has only been pending three and one half months. It has been to this court twice in that short time.

Probably no party will consider the relief granted or denied to be a victory, but what has been done is at the expense of the judicial process. A Court of Appeals should not sit as a District Court in chancery to mold and enter an equitable decree affecting an entire school system in a metropolitan community without hearing from the parties on the nature of the decree, and without facts before it to serve as a basis for the decree. The All-Writs Statute, 28 U.S.C.A., § 1651, does not authorize this. It must contemplate rules of procedure, notice, record facts, and an opportunity to be heard, all after time for consideration by the

District Court. It applies only in cases of emergency proportions. To state this belief is to at once demonstrate that I cannot join in the procedure here. Therefore, I must dissent, except as otherwise stated, with the admonition that more constitutional rights will be lost than gained in the long run by departure from procedures which have stood the test of time, and which are a part of due process of law as we have heretofore known it. In fact, more may be eventually lost in this very case.

While this appeal must have been considered as presenting something in the nature of a judicial emergency in the beginning; otherwise it would not have been twice advanced over the many other cases pending in this court, it is plain to me that it now has no emergency proportions. I would remand it to the District Court for action on the basis of reasoned and informed discretion in the light of necessary facts and argument, consistent with the law in the premises and the guidelines which I have set out regarding September 1964.

CAMERON, Circuit Judge (dissenting).

On July 11, 1963, I requested a hearing of this case en banc by writing all of the Judges of the Court in active service as follows:

"Pursuant to Rule 25(a) of this Court, I hereby initiate consideration by each of the Circuit Judges in active service of whether to order a hearing or rehearing of this case en banc. Included in this motion is the request that the issuance of the mandate be stayed until the attitude of the members of the Court can be ascertained and that the Chief Judge proceed to poll the Court on this motion. * * *

"I am of the opinion * * * that the case was not legally advanced for hearing or placed on the docket for hearing at the time it was heard, it being my understanding that the order was signed by Judge Tuttle on June 28th after the judgment of the district court had been entered June 24th.

"I think, too, that there is considerable doubt about the jurisdiction of this panel to hear the case. It is my understanding that this panel had under consideration before we adjourned for the summer the Theron Lynd case * * * Its right to consider and adjudicate the Davis case is, I think, subject to serious question.

"I assume that the record before the Court in New Orleans was sent up under our Rule 23(4), which is a substantial rescript of Rule 75(j), Federal Rules of Civil Procedure. That portion of our Rules refers only to a motion 'for any intermediate order.' I do not think the order which this Court directed the district court to enter can be classified as an intermediate order. It seems to me it is the equivalent of a final judgment granting all of the relief which the plaintiffs-appellants would be entitled to under a hearing on the merits and, in fact, dispenses with a hearing on the merits.

"For these reasons and others, including the fact that I see from the press that the appellees have made or intend to make a motion for a hearing en banc, I respectfully make this request."

The panel of Judges BROWN, WISDOM and BELL filed two per curiam opinions, one dated July 9, 1963 in which Judge BELL dissented, and the second filed July 18, 1963 in which Judge BELL concurred in part and dissented in part.

Being advised that a majority of the members of this Court in active service did not support my request for en banc hearing, I respectfully dissent from the action of the members of the Court in refusing to grant an en banc hearing. The principles discussed in my dissenting opinion in No. 20595, Armstrong et al. v. Board of Education of the City of Birmingham, et al., 5 Cir., 323 F.2d 333, are in my judgment controlling in this

case also and I adopt that opinion as a part of this one.

The panel to which this case was assigned by the Chief Judge on July 1, 1963 [1] was a panel designated for a former term of this Court. Assuming that it was empowered to act, during the intervening time, on a case which it had under consideration when the term ended, it would not, in my opinion, have jurisdiction to hear the present case under special designation by the Chief Judge acting alone. As stated in the Armstrong case, it seems to me clear from the statutes and the Supreme Court decisions cited there and the Rules of this Court, that the assignment of Judges and of cases for hearing is a matter entrusted solely to the Court as a body.

To hold that one Judge is vested with authority to fix the time and place where a case is to be heard, and to select the Judges who shall hear it, is, in my judgment, to decide that one man has power in excess of any which has been committed to any individual under this government of laws.

It is clear, moreover, that there is no showing here that the case is exceptional or extreme or which demonstrates a clear abuse of discretion or usurpation of judicial power such as the panel of this Court thought it discovered in Stell et al. v. Savannah-Chatham County Board of Education et al., May 24, 1963, 318 F.2d 425.

I respectfully dissent.

1. "The within motion for an injunction pending appeal is hereby set for hearing before a panel of this Court to be convened in New Orleans, Louisiana, July 8, 1963, to follow immediately after the hearing in the case of United States v. Lynd, 5 Cir., 321 F.2d 26.
   "This 28th day of June, 1963.
           "Elbert P. Tuttle
           "Chief Judge
           "Fifth Circuit"