Darrell Kenyatta EVERS et al., Appellant,

v.

JACKSON MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Appellee.

Dian HUDSON et al., Appellant,

v.

LEAKE COUNTY SCHOOL BOARD et al., Appellee.

Gilbert R. MASON, Jr., et al., Appellant,

v.

The BILOXI MUNICIPAL SEPARATE SCHOOL DISTRICT OF BILOXI, MISSISSIPPI, et al., Appellee.

Nos. 20824–20826.

United States Court of Appeals Fifth Circuit.

Feb. 13, 1964.

———◆———

Jack H. Young, Jackson, Miss., Constance Baker Motley, Derrick A. Bell, Jr., New York City, R. Jess Brown, Jackson, Miss., Jack Greenberg, New York City, for appellants.

E. W. Stennett, Sp. Counsel, Joe T. Patterson, Atty. Gen. of Miss., Thomas H. Watkins, Sp. Counsel, Dugas Shands,.

Asst. Atty. Gen. of Miss., Robert C. Cannada, Sp. Counsel, Jackson, Miss., for appellees Jackson Municipal Separate School District and others.

Joe T. Patterson, Atty. Gen. of Miss., Will S. Wells, Asst. Atty. Gen., Jackson, Miss., Harold W. Davidson, J. E. Smith, Sp. Counsel, Carthage, Miss., for appellees Leake County School Bd. and others.

Joe T. Patterson, Atty. Gen. of Miss., Dugas Shands, Asst. Atty. Gen., Thomas H. Watkins, Jackson, Miss., Victor B. Pringle, Biloxi, Miss., for appellees Biloxi Municipal Separate School District of Biloxi, Miss., and others.

Before HUTCHESON and BELL, Circuit Judges, and BREWSTER, District Judge.

GRIFFIN B. BELL, Circuit Judge.

These separate appeals are from orders dismissing complaints seeking desegregation of the public school systems of Jackson, Biloxi, and Leake County, Mississippi. The theory of the School Boards in each case in the District Court, and here, is that appellants had failed to utilize or exhaust available administrative remedies relating to the assignment of pupils to schools, and because it appeared that no appellant had sought and been denied entrance to any particular school, it followed that none had been denied a constitutional right.

The premise for this theory is that any segregation in these school systems is purely voluntary in light of the Mississippi Pupil Assignment Statute, Mississippi Code of 1942 Annot. § 6334–01 et seq., Mississippi Laws 1954, Chapter 260; and that appellants cannot be heard to say to the contrary without at least applying for assignment to schools being attended by members of the white race. This is particularly so, the argument goes, in view of the absence of compulsory school attendance laws in Mississippi and the resulting necessity to apply for admission and assignment annually. This premise is buttressed by a line of authorities that require exhaustion of administrative remedies, and denial of constitutional rights to appellants individually before relief may be granted. See Footnote (2), infra.

The difficulty in sustaining this position lies in the fact of other Mississippi laws. For example, and without cataloguing all of the laws that may militate against this position, it suffices to point to two. The Mississippi Constitution requires the maintenance of separate schools for white and colored children. Art. 8, § 207, Miss.Const., Miss.Code Annot. § 207. Moreover, § 6220.5, Miss. Code Annot., forbids the attendance of any member of the white race with Negro children in any public school of high school level or below on pain of fine, imprisonment, or both. And it is precisely because of this state enforced segregation of schools under Mississippi law that the District Court erred in dismissing the complaints.[1]

It is undisputed in each case that appellants sought relief from the respective school boards prior to suit in the form of petitioning for the activation of a practice of permitting the assignment of the minor appellants and their class to public schools without regard to race. This was an ample basis for the grant of the relief sought in the suits in view of the prior decisions of this court, where, as is the case in these school districts in Mississippi, the Negro appellants are not afforded a reasonable and conscious opportunity to attend any school, for which they are otherwise eligible, without regard to their race and color, and to have their requests for admission thereto fairly considered by the

---

1. A careful search of the briefs filed on behalf of appellees, and of the records fails to disclose any representation that appellants could or would be assigned to a school now being attended by members of the white race under any circumstances short of a court order. This is not surprising in view of Rule 11, Fed. R.Civ.Procedure. Counsel must, perforce, walk a judicial tightrope to assert this defense. However, it cannot be maintained because the judiciary cannot blind itself to the Mississippi law.

enrolling authorities. See Gibson v. Board of Public Instruction of Dade County, Florida, 5 Cir., 1959, 272 F.2d 763. This holding in Gibson was an elaboration of the holding on its prior appeal that the petitioning of the school board for abolition of racial segregation in the public schools obviated the necessity, where segregated schools were required, of exhaustion of administrative remedies under the Florida Pupil Assignment law. 246 F.2d 913. See also Holland v. Board of Public Instruction of Palm Beach County, Florida, 5 Cir., 1958, 258 F.2d 730, 732; Mannings v. Board of Public Instruction of Hillsborough County, Florida, 5 Cir., 1960, 277 F.2d 370; Augustus v. Board of Public Instruction of Escambia County, Florida, 5 Cir., 1962, 306 F.2d 862; Potts v. Flax, 5 Cir., 1963, 313 F.2d 284; and Armstrong v. Board of Education of Birmingham, 5 Cir., 1963, 323 F.2d 333.

In reversing the District Court in Armstrong, this court made the law of this circuit plain in this regard beyond peradventure. The District Court in that case had relied on substantially the same authorities as the District Court here.[2] We would add this observation to what the court there said. The decisions cited from North Carolina, Maryland, and Arkansas holding that administrative remedies must be exhausted turn on the rationale of the law and custom and practice in those states being such that applications for assignment by Negro children to white schools would be given good faith consideration, and were possible of achievement. This was true on the face of the Alabama law. See Shuttlesworth v. Birmingham Board of Education, N.D. Ala., 1958, 162 F.Supp. 372, affirmed, 358 U.S. 101, 79 S.Ct. 221, 3 L.Ed.2d 145. It is impossible to apply that rationale to Mississippi. And notwithstanding the state of the Alabama law, an injunction was granted in Armstrong to enforce the desegregation measures to be affected by the school board. These were regulations governing the assignment and transfer of pupils in the Birmingham school system promulgated to implement the Alabama pupil placement law. On this rationale generally, see Jeffers v. Whitley, 4 Cir., 1962, 309 F.2d 621.

■ This is not to say that the Fourteenth Amendment commands integration of the races in the schools, or that voluntary segregation is not legally permissible. See Avery v. Wichita Falls Ind. School Dist., 5 Cir., 1957, 241 F.2d 230; Rippy v. Borders, 5 Cir., 1957, 250 F.2d 690; Cohen v. Public Housing Administration, 5 Cir., 1958, 257 F.2d 73, cert. den., 358 U.S. 928, 79 S.Ct. 315, 3 L.Ed.2d 302; Holland v. Board of Public Instruction, supra; and Shuttlesworth v. Birmingham Board of Education, supra. The Supreme Court did not hold otherwise in Brown v. Board of Education, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873. Its holding was that enforced racial segregation in the public schools is a denial of the equal protection of the laws enjoined by the Fourteenth Amendment. Cooper v. Aaron, 1958, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5.

2. The District Court here did not have the benefit of the Armstrong decision before entering the orders which are the subject matter of these appeals. The authorities relied on such as Cook v. Davis, 5 Cir., 1950, 178 F.2d 595; and Brown v. Board of Trustees of LaGrange Ind. School Dist., 5 Cir., 1951, 187 F.2d 20, were decided prior to Brown v. Board of Education, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, striking down the separate but equal doctrine in public education, and the subsequent Brown case, 1955, 349 U.S. 294, 75 S.Ct. 753, 99 L. Ed. 1083, and Cooper v. Aaron, 1958, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5, putting an affirmative duty on school boards to bring about the elimination of racial discrimination in the public schools. This duty feature as laid down by the Supreme Court, where the elimination of discrimination in a school system has been requested, as here, also distinguishes, if they can be said to be applicable, McCabe v. Atchison & S. F. Ry. Co., 1914, 235 U.S. 151, 35 S.Ct. 69, 59 L.Ed. 169; Bailey v. Patterson, 1962, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512; and Clark v. Thompson, S.D.Miss., 1962, 206 F.Supp. 539, aff. on appeal, 5 Cir., 1963, 313 F.2d 637.

But, there cannot be voluntary segregation in these schools where desegregation has been requested until inhibitions, legal and otherwise, serving to enforce segregation have been removed to the extent, as we said in Gibson, 272 F.2d 763, 767, supra, that appellants and the class they represent are "afforded a reasonable and conscious opportunity to apply for admission to any schools for which they are eligible without regard to their race or color, and to have that choice fairly considered by the enrolling authorities."

As matters now stand in Mississippi, racial segregation in the public schools is enforced, and the rights of the appellants here under the Fourteenth Amendment to equal protection of the laws are proscribed. Having said that it was error for the District Court to dismiss their complaints seeking relief from such proscription, it follows that each of the cases must thus be reversed. Upon remand, pending disposition of each on the merits, it will be the duty of the District Court to give prompt consideration to the pending motions of appellants for preliminary injunctions, cf. Davis v. Board of School Commissioners of Mobile County, Ala., 5 Cir., 1963, 318 F.2d 63, and to be guided by the scope of temporary relief accorded by this court in Stell v. Savannah-Chatham County Board of Education, 5 Cir., 1963, 318 F.2d 425; Davis v. School Commissioners of Mobile County, 5 Cir., 1963, 322 F.2d 356; and Armstrong v. Board of Education of Birmingham, supra. Of course, the grant of temporary relief pending a hearing on the merits will in no wise deprive appellees of the other usual procedures applicable and obtaining in civil actions, including the right to answer the complaints, and to raise and litigate issues of fact, if any there be, regarding the merits of each of these suits.

Reversed and remanded for further proceedings not inconsistent herewith, with direction to the Clerk to issue the mandate forthwith in accordance with the rules of this court.