**Peter E. ROSE, Plaintiff,**

v.

**A. Bartlett GIAMATTI, et al.,
Defendants.**

**No. C-2-89-0577.**

United States District Court,
S.D. Ohio, E.D.

Aug. 11, 1989.

See also 721 F.Supp. 906.

Robert G. Stachler, Taft, Stettinius & Hollister, Cincinnati, Ohio, for plaintiff.

Gerald V. Weigle, Dismore & Shohl, Cincinnati, Ohio, for Giamatti, MLB.

Robert C. Martin, Lindhorst & Dreidame, Cincinnati, Ohio, for Cincinnati Reds.

John Elam, Vorys, Sater, Seymour and Pease, Columbus, Ohio, for Giamatti & Major League Baseball.

## MEMORANDUM AND ORDER

HOLSCHUH, District Judge.

Plaintiff Peter E. Rose filed this action in the Court of Common Pleas of Hamilton County, Ohio on June 19, 1989 against A. Bartlett Giamatti, Commissioner of Baseball, and others. Rose sought a temporary restraining order and a preliminary and permanent injunction from the state court to prevent defendant Giamatti from conducting a disciplinary hearing concerning allegations that Rose wagered on major league baseball games. On June 25, 1989 Common Pleas Court Judge Norbert Nadel issued a temporary restraining order enjoining all defendants from, *inter alia*, deciding whether Rose should be disciplined or suspended from participation in baseball. Judge Nadel set July 6, 1989 as the date for a hearing on Rose's motion for a preliminary injunction.

On July 3, 1989 defendant Giamatti removed the action from the Court of Common Pleas of Hamilton County, Ohio, to the United States District Court for the Southern District of Ohio, Western Division. On that day, the action was transferred to the Eastern Division of this Court and assigned to the undersigned judge. On July 5, 1989 Rose filed a motion to remand the case to the Court of Common Pleas of Hamilton County, Ohio, arguing that this Court lacks diversity subject matter jurisdiction over the action.

Subsequent to briefing and oral argument, this Court issued an order on July 31, 1989 denying Rose's motion to remand. For the reasons stated in the July 31 order, the Court certified the case for an immediate appeal to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1292(b). To preserve the status quo pending Rose's decision whether to seek leave to appeal the Court's order, the Court ordered as follows:

> If plaintiff Rose desires to appeal the Court's ruling on the jurisdictional issue, he must file his application for appeal to the United States Court of Appeals for the Sixth Circuit within ten (10) days after the entry of this Memorandum and Order. 28 U.S.C. § 1292(b); Fed.R. App.P. 5. If Rose does not file his application within that time, a hearing on Rose's motion for a preliminary injunction will be held on Monday, August 14, 1989, at 9:00 a.m. In order to preserve the status quo until such time as an appeal is taken from this Memorandum and Order, or the hearing is held on Rose's motion for a preliminary injunction, if no appeal is taken, the restrictions on defendants' actions regarding plaintiff Rose, as agreed by the parties in the stipulation filed in this Court on July 5, 1989, shall remain in effect until August 14, 1989.

Commissioner Giamatti, contending that an application for appeal under 28 U.S.C. § 1292(b) does not stay the proceedings in this Court, nor prevent him from proceeding with a disciplinary hearing against Rose after August 14, 1989 in the absence of an injunction rendered under Rule 65, Federal Rules of Civil Procedure, has scheduled the disciplinary hearing, which is the subject of this action, for August 17, 1989.

On August 7, 1989 Rose filed in this Court a motion for an order preserving the status quo pending appeal and for a stay of all proceedings in this Court pending the disposition of Rose's appeal of the Court's July 31 order. The following day, Rose filed in the United States Court of Appeals for the Sixth Circuit an application for permission to file an appeal pursuant to 28

U.S.C. § 1292(b). That application is currently pending before the appellate court, and it is the Court's understanding that both Rose and Giamatti have requested an expedited consideration of the application.

In his motion for an order preserving the status quo pending appeal, Rose argues that this Court has inherent power to make such orders as are necessary to preserve the present status c between the parties until completion of ,s requested appellate review. In Rose's v ?w, this inherent power is embodied in Rule 8(a), Federal Rules of Appellate Procedure, which provides in relevant part:

> Application for a stay of the judgment or order of a district court pending appeal ... or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court.

It is under the provisions of Rule 8(a) that Rose seeks an order from this Court preventing Giamatti from taking any action concerning Rose's alleged gambling activities until appellate review of this Court's July 31 order is completed.

Commissioner Giamatti, on the other hand, argues that before this Court may enjoin him from conducting the disciplinary hearing, the Court must follow the procedure for issuing a preliminary injunction under Rule 65, Federal Rules of Civil Procedure, that is, to hold a preliminary injunction hearing and to require Rose to present evidence regarding the substantive requirements for an injunction under the Rule. Giamatti contends that Rule 8(a), Federal Rules of Appellate Procedure, provides no independent authority by which the district court may issue an injunction pending appeal. He also asserts that Rule 62(c), Federal Rules of Civil Procedure, which provides generally for injunctions pending appeal, does not operate to grant this Court the authority to issue the requested injunction in this case, because that Rule, by its terms, applies only to situations in which an appeal is taken from an order granting, dissolving, or denying an injunction. Therefore, it is Giamatti's position that the only method by which this Court may issue an injunction pending the section 1292(b) appeal is an injunction pending appeal after an evidentiary hearing conducted pursuant to Rule 65, Fed.R.Civ.P.

■ An appeal from an interlocutory order under 28 U.S.C. § 1292(b) is not, as noted earlier in this Court's decision of July 31, 1989, a normal procedural event in federal court. It is, instead, a statutory procedure for those unusual situations in which an interlocutory order, otherwise non-appealable, involves a controlling question of law as to which there is substantial ground for difference of opinion and in which an immediate appeal may materially advance the ultimate termination of the litigation. Section 1292(b) has its own procedural provision concerning proceedings in the district court, *i.e.*, unlike the case of an ordinary appeal as of right, the proceedings in the district court shall continue unless the district judge, or the Court of Appeals or a judge thereof, shall otherwise order. Whether an appeal is actually permitted under the statute requires a decision by the Court of Appeals, which, in its discretion, may or may not permit an appeal to be taken from the interlocutory order.

This statutory procedure for appeals of certain interlocutory orders does not blend perfectly with either the Federal Rules of Appellate Procedure or the Federal Rules of Civil Procedure in cases where an injunction is sought pending a section 1292(b) appellate review. Although Appellate Rule 8(a) speaks in terms of orders "suspending, modifying, restoring, or granting an injunction during the pendency of an appeal," it contemplates appeals of orders which are ordinarily appealable as a matter of right and assumes "the pendency of an appeal." As previously noted, however, section 1292(b) gives only the right to apply for an appeal upon the required certification by the district court, and there is no appeal unless the appellate court, in its discretion, grants the application. Furthermore, Rule 8(a) "directs the appellant to first seek relief in the district court in accordance with the Civil Rules," 9 J. Moore, Moore's Federal Practice, ¶ 208.02 (2d 1989), and it

is Rule 62(c), Fed.R.Civ.P. which is the ordinary means of seeking an injunction pending appeal. *Id.* Rule 62(c) applies, however, only to appeals as of right from orders granting, dissolving, or denying an injunction, and not to appeals taken under section 1292(b).

Finally, a request for an injunction pending a section 1292(b) appeal does not equate with an injunction following a preliminary injunction hearing under Rule 65, Fed.R.Civ.P. Rule 65 applies when a party seeks a preliminary injunction, based in part on the merits of the action, to enjoin some contemplated conduct throughout the entire proceeding pending the final disposition of the merits of the action, thus Rule 65's requirement that the movant present evidence of, *inter alia,* a likelihood of succeeding on the underlying merits of the action. *See Mason County Medical Ass'n. v. Knebel,* 563 F.2d 256, 261 (6th Cir.1977). In the case of a section 1292(b) appeal, and in this case in particular where the subject of the appeal is the Court's jurisdiction, the requested injunction is sought not on the underlying merits of the controversy, but on the need to determine whether this Court, in the first instance, has jurisdiction to proceed with any hearing pertaining to the merits of the case.

In the present case, the Court, in order to preserve Rose's statutory right to apply for an interlocutory appeal on the jurisdictional issue within the required ten day period, restrained defendants until August 14 so that Rose's right to apply for an appeal would not be illusory. In other words, if the Commissioner were not restrained from proceeding with a hearing during that time, the entire thrust of Rose's action—to prevent the Commissioner from holding a hearing—would have been destroyed, and the jurisdiction of this Court to consider the merits of Rose's claims against Giamatti would have been effectively eliminated. Moreover, the jurisdiction of the Court of Appeals to consider Rose's application for an appeal on the jurisdictional question would have been impaired.

After having vigorously—and successfully—sought to remove this case from the state court to the federal court, the Commissioner is now unwilling to wait for a brief period of time to permit the Court of Appeals to decide whether to accept or reject plaintiff's statutory application for appeal under section 1292(b) and to determine the jurisdictional issue, even on an expedited basis. He has threatened to go forward with his hearing unless this Court holds a preliminary injunction hearing pursuant to Rule 65, Federal Rules of Civil Procedure, before August 17, regardless of whether the Court of Appeals has by then made a decision to accept or reject Rose's application for an appeal of the jurisdictional issue. The basic reason for this Court's certification of the jurisdictional issue for immediate appeal, however, was to remove a cloud of uncertainty due to divergent views of judges in this District regarding removal and to eliminate the specter of two trials involving these parties in two separate courts if the Court of Appeals should conclude this Court does not have jurisdiction and that Rose's motion to remand this case to the state court should have been granted.

In the Court's view, it is not unreasonable to request that the Commissioner delay his hearing until the Court of Appeals decides whether to accept or reject Rose's application for appeal, and, if the application is granted, until the jurisdictional issue is resolved. The parties have requested expedited consideration of the application by the appellate court, and there is no reason to believe that the time period for that court's consideration of the application will be unduly long. In the absence of agreement by the Commissioner, however, the Court does not believe that it is powerless to require that he not proceed with a disciplinary hearing at this time, and thereby effectively moot the basic issue in this case over which this Court presently has jurisdiction.

Courts have traditionally been granted broad powers to fashion remedies in exceptional circumstances when the need arises to preserve the status quo or to effectuate justice. The All Writs Act, 28 U.S.C. § 1651(a), provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. Thus, "a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *Adams v. United States ex rel. McCann,* 317 U.S. 269, 273, 63 S.Ct. 236, 239, 87 L.Ed. 268 (1942).

The Act is generally invoked to protect and to preserve the jurisdiction of the court against actions which would frustrate or impinge upon its administration of pending litigation. *See In re Convertible Rowing Exerciser Patent Litigation,* 616 F.Supp. 1134, 1139 (D.Del.1985). There is no question that an injunction pending appeal is a "writ" within the purview of the Act. *Stell v. Savannah–Chatham Cty. Bd. of Education,* 318 F.2d 425, 426 (5th Cir. 1963); *Eastern Greyhound Lines v. Fusco,* 310 F.2d 632, 634 (6th Cir.1962). *See FTC v. Dean Foods Co.,* 384 U.S. 597, 604, 86 S.Ct. 1738, 1742–1743, 16 L.Ed.2d 802 (1966); *In re Grand Jury Proceedings,* 626 F.2d 1051 (1st Cir.1980) (mandatory injunction).

■ In the Court's view, an injunction pending appeal is necessary in this case to protect the orderly continuation of proceedings, both in this Court and in the appellate court. If the Court does not enjoin Giamatti from conducting the scheduled disciplinary hearing on August 17, 1989, Rose's statutory right to apply for an appeal of the jurisdictional issue to the Court of Appeals and any further proceedings in this Court will be meaningless, because the heart of this entire controversy—whether Giamatti can proceed with his disciplinary hearing—will be rendered moot after that hearing takes place.

In the present case, the Court determined that the question of federal subject matter jurisdiction was a controlling question of law as to which there is substantial ground for difference of opinion and certified that question for immediate appeal.

In the opinion of this Court, Rose is presenting for the appellate court's consideration a substantial legal question, the determination of which will materially advance the ultimate termination of this litigation for the reasons heretofore stated.

This Court is mindful of Giamatti's desire that he be permitted to proceed as quickly as possible with a hearing to determine whether Rose has in fact violated the Rules of Major League Baseball. He could have had a preliminary injunction hearing, of course, some time ago in the Court of Common Pleas of Hamilton County, Ohio. His removal of this action to this Court, following the issuance of a temporary restraining order against his holding the disciplinary hearing, resulted in vigorous opposition by Rose to this Court's jurisdiction and created the jurisdictional controversy which is the subject of Rose's appeal. While this Court resolved the jurisdictional issue in favor of the Commissioner, the Court is of the strong opinion that the jurisdictional question is a proper question for immediate review by the Court of Appeals in order to remove the doubt over the jurisdiction of this Court, to resolve this controversy in the most logical and expeditious manner possible, and to foreclose the possibility of two separate evidentiary hearings in two separate courts. The Court is of the hope and of the opinion that the appellate court will proceed to resolve the matter expeditiously, thereby eliminating the lengthy delay in reaching the merits that would result from a preliminary injunction hearing in this Court, subsequent appeal of that order, a possible reversal and remand on the jurisdictional issue, and a second preliminary injunction hearing in the state court.

To preserve this Court's jurisdiction and to give the Court of Appeals the opportunity to decide whether to accept or reject Rose's application pursuant to section 1292(b) and to decide the jurisdictional issue if the appeal is accepted, the Commissioner is ORDERED not to proceed with a hearing until permitted to do so by an order of this Court or by the Court of Appeals. If the Court of Appeals rejects

Rose's application for an appeal, or determines that this Order was improperly issued, Rose's motion for a preliminary injunction will be promptly scheduled for a hearing after that decision. If the Court of Appeals accepts Rose's application for an interlocutory appeal, this Order will remain in effect, unless the Court of Appeals determines that it was improperly issued, until that appeal is concluded, at which time Rose's motion for a preliminary injunction will be promptly scheduled for a hearing, assuming, of course, that following appeal the case is not remanded to the state court.

Accordingly, Rose's motion for an order preserving the status quo pending appeal and for a stay of proceedings in this Court pending appeal is GRANTED, to the extent that defendant Giamatti is enjoined from proceeding with a disciplinary hearing concerning plaintiff, until further order of this Court or the Court of Appeals. This action shall be stayed, insofar as any hearing on Rose's motion for a preliminary injunction is concerned, until further order of this Court or the Court of Appeals, but the action shall not be stayed with respect to discovery proceedings by the parties.

## CONCLUSION

In order to give the Court of Appeals for the Sixth Circuit an opportunity to rule on the jurisdictional issue raised by Rose's pending application for an appeal from this Court's Order of July 31, 1989, proceedings in this Court, except for discovery proceedings by the parties, are stayed until further order of this Court or the Court of Appeals for the Sixth Circuit and the defendant Giamatti is enjoined from conducting the disciplinary hearing scheduled for August 17, 1989 until further order of this Court or the Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.