436 F.2d 361
 James C. METCALF, Plaintiff-Appellant,
v.
Illinois Governor, OGILVIE, Illinois Attorney General, Scott, Illinois Director Department of Public Safety, Brown, Illinois State Penitentiary Warden, Pate, Defendants-Appellees.
 No. 17996.
 United States Court of Appeals, Seventh Circuit.
 December 28, 1970.
 
 James C. Metcalf, pro se.
 William J. Scott, Atty. Gen., Joel M. Flaum, Warren K. Smoot, Robert E. Davison, Asst. Attys. Gen., Chicago, Ill., for defendants-appellees.
 Before HASTINGS, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.
 HASTINGS, Senior Circuit Judge.
 
 
 1
 Plaintiff James C. Metcalf is a prisoner of the State of Illinois and is presently incarcerated in the Illinois State Penitentiary, Joliet-Stateville Branch. He has acted pro se throughout these proceedings and on this appeal. He was granted leave to proceed in forma pauperis in the district court and has attempted to bring an action under the Federal Civil Rights Act, 42 U.S.C.A. § 1983.
 
 
 2
 On July 1, 1969, he filed a pleading in the district court[1] in the nature of a complaint entitled "Petition For Three Judge Court Injunction". In broad conclusionary terms he alleged that he was subject to solitary confinement solely because of his religion and race. He sought to enjoin defendants[2] from confining him in the segregation unit of the state penitentiary.
 
 
 3
 He further alleged in conclusionary terms that the Illinois enabling statute, Ill.Rev.Stat.1967, Ch. 108, § 10,[3] delegating to the Department of Public Safety[4] the authority to make and enforce general rules, regulations and orders for the government and discipline of the penitentiary, although not unconstitutional on its face, was unconstitutional as applied to him.
 
 
 4
 Plaintiff requested the district court to convene a three-judge court pursuant to 28 U.S.C.A. § 2281,[5] to determine the merits of his complaint.
 
 
 5
 On August 19, 1969, in a memorandum opinion, the district court denied the request for a three-judge court for the reason that it found the claim of unconstitutional application of the enabling statute, supra, to be clearly without merit. The trial court went on to consider the substance of the claim of racial and religious discrimination and found it to be wholly conclusionary and without support in the documentary correspondence submitted. Finding that plaintiff was entitled to no relief, the court dismissed the complaint. Plaintiff appealed.
 
 
 6
 The sole question before us on this appeal is whether the district court erred in denying plaintiff's request for a three-judge district court. Plaintiff seeks a remand for the convening of such a court. There are a number of reasons why plaintiff's appeal must fail.
 
 
 7
 One of the prerequisites of § 2281, supra, requiring the convening of a three-judge district court is that a substantial federal constitutional question must be presented. The district court found and held the claim of unconstitutional application of the subject enabling statute to be "clearly without merit." The Supreme Court has held that essential to the jurisdiction of a three-judge court is the question of its jurisdiction; that essential to jurisdiction is a substantial claim of federal unconstitutionality; and that three judges are not required to pass upon this initial question. Ex parte Poresky, 290 U.S. 30, 31-32, 54 S.Ct. 3, 78 L.Ed. 152 (1933). The Court further held that the constitutional question may be plainly unsubstantial if it is "obviously without merit." Ibid.[6]
 
 
 8
 In order to state a cause of action under the Federal Civil Rights Act a complaint must set forth more than bare unsupported conclusionary allegations in support of constitutional deprivation. Ortega v. Ragen, 7 Cir., 216 F.2d 561, 563 (1954). In liberally construing a pro se pleading, as we do here, we conclude the district court was correct in finding that the complaint failed to state a cause of action. In so failing, plaintiff failed to present a substantial constitutional question. As Judge Kiley stated in an analogous situation: "It follows that * * * the district court did not err in refusing the request for a three-judge court * * *." Brown v. Dunne, 7 Cir., 409 F.2d 341, 344 (1969).
 
 
 9
 All parties agree that the instant enabling statute is constitutional on its face and thus properly vests control of the management of state penitentiaries in a state agency (State Department of Public Safety) with wide discretion to safeguard and discipline prisoners. See Cooper v. Pate, 7 Cir., 382 F.2d 518, 521 (1967). Here the specific challenge to the enabling statute is in reality to the alleged unconstitutional conduct of the prison officials in ordering plaintiff held in solitary confinement. Section 2281, supra, is not "a measure of broad social policy to be construed with great liberality, but as an enactment technical in the strict sense of the term and to be applied as such. * * * But an attack on lawless exercise of authority in a particular case is not an attack upon the constitutionality of a statute conferring the authority even though a misreading of the statute is invoked as justification." Phillips v. United States, 312 U.S. 246, 251-252, 61 S.Ct. 480, 484, 85 L.Ed. 800 (1941).
 
 
 10
 In the instant case, it would appear that the present distinction is between a challenge to a statute as applied and a challenge to the result of the use of a constitutional statute. The Court has said: "It is necessary to distinguish between a petition for injunction on the ground of the unconstitutionality of a statute as applied, which requires a three-judge court, and a petition which seeks an injunction on the ground of the unconstitutionality of the result obtained by the use of a statute which is not attacked as unconstitutional. The latter petition does not require a three-judge court." Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 951, 84 L.Ed. 1249 (1940). Cf., Turner v. Fouche, 396 U.S. 346, 353-354, footnote 10, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970).
 
 
 11
 Finally, as best we can decipher plaintiff's claims in his complaint and attached exhibits of correspondence with state officials, he asserts he is a member of "Jehovah's Witnesses" and has been seeking certain religious materials by mail; that he has been denied such materials and placed in solitary confinement because of his insistence upon his right to receive them. On the other hand, the trial court found that explanations made to plaintiff by the Director of Public Safety and the Prison Sociologist "clearly show that the reason for the petitioner's confinement is his poor institutional record and difficulties arising from failure to abide by prison regulations."
 
 
 12
 In any event, it becomes clear that the official conduct complained of was that related to a single state prison and was not the result of any legislative direction to impose statewide policy. Not being statewide in its application, the challenge to the prison rules was properly decided by a single judge. Hatfield v. Bailleaux, 9 Cir., 290 F.2d 632, 635 (1961), citing, inter alia, Rorick v. Board of Com'rs, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242 (1939).
 
 
 13
 For the foregoing reasons, the judgment of the district court is in all respects affirmed.
 
 
 14
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 United States District Court for the Northern District of Illinois, Honorable Alexander J. Napoli, Judge presiding
 
 
 [2]
 Named were the Governor of Illinois, the Attorney General of Illinois, the Director of the Department of Public Safety of Illinois and the Warden of the prison
 
 
 [3]
 "Ill.Rev.Stat.1967, Ch. 108, § 10:
 
 
 [10]
 Powers and duties of Department of Public Safety. § 10. The Department of Public Safety shall have jurisdiction of the government, discipline and police of the penitentiary, the punishment and employment of the convicts therein, the money concerns and contracts for work, and the purchase and sales of the articles provided for the penitentiary or sold on account thereof. The Department shall make and enforce all such general rules, regulations and orders for the government and discipline of the penitentiary as it may deem expedient, and may, from time to time, alter and amend the same; and in making such rules and regulations it shall, in connection with the Governor, adopt such as in its judgment, while being consistent with the discipline of the penitentiary, shall best conduct to the reformation of the convicts, and the Department shall make necessary and suitable provisions for the employment of the convicts, subject to the limitations hereinafter contained. The Department shall inquire into any improper conduct which is alleged to have been committed by the warden or any other officer or employee of the penitentiary, and for that purpose may issue subpoenas, and compel the attendance of witnesses, and the production before it of writings and papers, and may examine any witnesses, on oath, who may appear before it."
 
 
 [4]
 Now amended to delegate such powers to the Department of Corrections, Ill.Rev. Stat.1969, Ch. 108, § 10, effective January 1, 1970
 
 
 [5]
 "§ 2281Injunction against enforcement of State statute; three-judge court required
 An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."
 
 
 [6]
 See also Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Currie, The Three-Judge District Court in Constitutional Litigation, 32 U.Chi. L.Rev. 1, 22 (1964). Professor Currie's scholarly critique should be required reading in this entire area of litigation