**William F. BOYER, Plaintiff,**

v.

**STATE OF WISCONSIN, United States of America, et al., Defendants.**

**No. 72-C-19.**

United States District Court, E. D. Wisconsin.

June 9, 1972.

See also, D.C., 55 F.R.D. 90.

---

[1]. No questions with respect to execution of such judgments are before me and I express no view on that subject.

William F. Boyer, pro se.

Samuel Goldenberg, Milwaukee, Wis., for Juknialis & Kapets DiGaudio.

Robert W. Warren, Atty. Gen. of Wisconsin, by Ward L. Johnson, Madison, Wis., for State of Wisconsin.

Beverly A. Temple, Milwaukee, Wis., for Patricia L. Boyer.

Robert P. Russell, Corp. Counsel, by Gerard Paradowski, Asst. Corp. Counsel, Milwaukee, Wis., for Milwaukee County and Judge Seraphim.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

All of the defendants, in four separate motions, have asked for dismissal of the complaint. The pro se complaint, as amended, alleges that the defendants abridged plaintiff's fourteenth amendment rights to due process and to equal protection of the laws.

More specifically, the plaintiff charges that certain of the defendants made an application to the Milwaukee county court for the plaintiff's involuntary commitment under the Wisconsin statutes. He also avers that he was "involuntarily committed to Milwaukee County Mental Center on September 15, 1971, by a process served upon him at his residence, . . . by two employees of the Milwaukee County Sheriff's Department."

In paragraph 3 of his complaint, the plaintiff states that he "was not advised of his right to a jury or hearing by the judiciary under Wisconsin 51, subsection 51.03 precedent to his involuntary commitment."

The complaint also asserts that while the plaintiff was granted "one hearing such violation results in infringement while involuntarily committed", his attorney was not advised of such hearing and was not permitted to attend it.

Paragraphs 8 and 9 of the complaint read as follows:

"8. That the Plaintiff, William F. Boyer, alleges that Patricia L. Boyer, due to an impending divorce action, maliciously and in conspiracy with other co-signators did accomplish the effect of the involuntary committment.

"9. That the Plaintiff, William F. Boyer, is of the opinion that the Defendants so named have violated, through their actions, as stated, Amendment Fourteen, Section 1, of the United States Constitution."

The state of Wisconsin has moved for dismissal on the ground that the court lacks jurisdiction over it and also on the ground that the complaint fails to state a claim upon which relief can be granted. A similar motion has been brought by the defendants Judge Seraphim and Milwaukee county. In a separate motion, the defendant Patricia Boyer seeks

dismissal on the same two grounds and also because the complaint allegedly is inadequate as to the amount in controversy. The defendants Juknialis and Nancy Kapets have moved for dismissal on the ground that the complaint fails to state a claim upon which relief can be granted; and a similar motion has been filed by the defendants Dennis Kapets and Vincent DiGaudio.

As a pro se complaint, the plaintiff's pleading is entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Weaver v. Pate, 390 F.2d 145 (7th Cir. 1968); Rule 8(f), Federal Rules of Civil Procedure. Nevertheless, I am persuaded that the complaint as amended does not meet the minimum requirements of a valid complaint in this court.

Only as to the defendant Patricia L. Boyer (in paragraph 8) is there an explicit allegation of wrongful conduct. As to none of the other defendants is there a sufficient recitation of facts or alleged conduct to state a cause of action upon which relief might be granted. The conclusory contention that the defendants have violated the fourteenth amendment "through their actions" (paragraph 9), is an insufficient allegation which cannot withstand the motions to dismiss. Metcalf v. Ogilvie, 436 F.2d 361 (7th Cir. 1970); Hess v. Petrillo, 259 F.2d 735, 736 (7th Cir. 1958); Borchlewicz v. Partipilo, 44 F. R.D. 540, 542 (E.D.Wis.1968).

In addition to the insufficiency of the allegations referred to above, there is an absence of showing of federal jurisdiction. Weise v. Reisner, 318 F.Supp. 580 (E.D.Wis.1970). The complaint in the case at bar does not set forth any grounds for federal jurisdiction. Violation of a state law does not automatically give rise to a cause of action under the civil rights acts. Ortega v. Ragen, 216 F.2d 561, 562 (7th Cir. 1954). It is only when such violation results in the infringement of a federally protected right that a cause of action may be said to exist. Screws v. United States, 325 U.S. 91, 108, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); Sigler v. Lowrie, 404 F.2d 659, 662 (8th Cir. 1968), cert. denied, 395 U.S. 940, 89 S.Ct. 2010, 23 L.Ed.2d 456 (1969).

In addition, there is no reason to contravene the immunity of the state, the county, or the judge. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Ries v. Lynskey, 452 F.2d 172 (7th Cir. 1971).

Thus, I conclude that the defendants' several motions to dismiss must be granted on the grounds that the complaint fails to state a basis for federal jurisdiction. It also fails to state a claim upon which relief could be granted.