Patrick **PEREZ**, Petitioner-Appellant,

v.

**John W. TURNER, Warden, Utah State Prison, et al., Respondent-Appellees.**

No. 71–1689.

United States Court of Appeals, Tenth Circuit.

July 17, 1972.

Richard W. Giaugue, Salt Lake City, Utah, for petitioner-appellant.

David S. Young, Chief Asst. Atty. Gen. (Vernon B. Romney, Atty. Gen., Salt Lake City, Utah, with him on the brief), for respondent-appellees.

Before LEWIS, Chief Judge, and KILKENNY * and DOYLE, Circuit Judges.

PER CURIAM.

Appellant, an inmate of the Utah State Prison, seeks a writ of habeas corpus on the ground that his Eighth Amendment rights against cruel and inhuman punishment have been violated.

### FACTS

Appellant is confined in the Utah State Prison as a result of his conviction for sodomy and assault with a dangerous weapon. After exhausting his state court habeas corpus remedies, appellant filed the instant action in the district

* John F. Kilkenny, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

court. The state trial court afforded appellant a two-day evidentiary hearing, after which it resolved all issues of fact and law against him. A complete transcript of the state court proceedings was considered by the district court in denying relief.

The state court found, among other things, that appellant had been subjected to six or seven sexual assaults, or threatened sexual assaults, over a period of eighteen months and that these assaults and threatened assaults disturbed and depressed him mentally. It also found that he endeavored to take his own life on five separate occasions. However, the court did not find that the appellees, or those under their control, condoned, were aware of, or were in any manner connected with the particular assaults.

To the contrary, it found that appellees recognized appellant's homosexual problems and attempted to assist by treatment, hospitalization and isolation. In fact, appellant was visited between thirty to thirty-five times by a prison psychiatric consultant during the period under scrutiny, was placed in the prison hospital for extended periods, and would probably still be there if it were not for the fact that his personal behavior required removal from that institution.

While we entertain the hope that some day an agency of society will produce a formula under which the conditions here found to exist can be corrected and some method devised for the protection of an inmate from his own unnatural desires and, as here, from his abuse by other inmates, short of isolation or other drastic methods now in use, as yet no such solution has been found. Certainly, the solution is not to turn loose on society a convicted criminal. Beyond question, the answer to the problem must be found in the administrative, rather than in the judicial arena. The supervision of the internal affairs of correctional institutions, including the discipline and care of inmates, rests with the prison administrators and is not ordinarily subject to judicial review. Coppinger v. Townsend, 398 F.2d 392 (10th Cir.1968); Hatfield v. Bailleaux, 290 F.2d 632 (9th Cir.1961). The factual background in Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1968), relied upon by appellant, is so unrelated to the one here presented, that comment is unnecessary.

After a full evidentiary hearing, the state court found and concluded, among other things, that while homosexuality existed in the Utah State Prison system, the occurrences of sexual assaults over recent years had been very minimal and that on the totality of all of the facts and circumstances, as disclosed by the record, the appellant had not been subjected to cruel and inhuman punishment by his confinement in the Utah State Prison.

Under the provisions of 28 U.S. C. § 2254(d), we must assume that the state court's findings of fact are correct, unless the habeas petitioner proves the existence of certain circumstances. Appellant has failed to establish the existence of any one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, of said section and subdivision. Such circumstances are not admitted, nor do they otherwise appear. After an independent examination, we agree with the conclusion of the district court that the record in the state court proceeding, considered as a whole, clearly supports its factual determinations.

While appellant may be entitled to pursue some other remedy in the civil courts, the record before us does not support his claim for habeas corpus relief.

Judgment affirmed.