Benjamin F. DAUGHTERY, Appellant,

v.

Warden HARRIS, U. S. Leavenworth Prison, Appellee.

Thomas J. PIPER, Jr., Appellant,

v.

C. E. HARRIS, Warden, Leavenworth Penitentiary, Individually and in his Official capacity, Appellee.

Nos. 72–1363 (L–2035), 72–1620 (L–2132).

United States Court of Appeals, Tenth Circuit.

April 10, 1973.

Rehearing Denied in No. 72–1363 May 9, 1973.

Donald E. Cordova, Denver, Colo., for appellants.

Bruce E. Miller, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before LEWIS, Chief Judge, McWIL-LIAMS, Circuit Judge, and CHRISTEN-SEN, District Judge.

LEWIS, Chief Judge.

Appellants appeal from separate judgments of the United States District Court for the District of Kansas denying injunctive and declaratory relief from rectal searches conducted by officials of the United States Penitentiary at Leavenworth, Kansas. The proceedings in both cases were in forma pauperis. Because the basic facts and issues are identical the appeals were consolidated for argument before this court.

Appellants are inmates at the United States Penitentiary, Leavenworth, Kansas. Appellant Daughtery was subjected to two rectal searches by a physician's assistant preparatory to being transferred to the custody of the United States Marshal's Office for transportation to a court appearance. Appellant Piper was also given a rectal examination prior to the United States Marshal's transporting him to testify in court. The purpose of these searches is to locate any concealed contraband [1] which could be used to

---

1. The Chief Correctional Supervisor at the United States Penitentiary, Leavenworth, Kansas has stated that a typical but incomplete list of contraband items would include the following:

Weapons of any type, sawblades, narcotics, intoxicants, barbituates, money, pornography, single edge razor blades, or any item which might be used to effect an escape, or any unauthorized books, magazines, newspapers, clothing, medicines, tools, foodstuffs, etc. (Directive of the Chief Correctional Supervisor, United States Penitentiary, Leavenworth, Kansas.)

threaten the security of a marshal or the court.

The authority to undertake rectal searches stems from a grant of power to the Bureau of Prisons, 18 U.S.C. §§ 4041, 4042, to manage and regulate all federal penal and correctional institutions. The Director of the Bureau of Prisons is empowered to formulate policies and procedures for commitment, control and treatment of inmates in federal institutions. 28 C.F.R. §§ 0.95, 0.96, 0.97. Prison officials at local institutions are also authorized to promulgate procedures consistent with their peculiar needs and problems. Pursuant to this authority the Bureau of Prisons and officials at the United States Penitentiary, Leavenworth, Kansas established procedures concerning the discharge of inmates to the United States Marshal's Office.

Policy Statement No. 7300.53 of the Bureau of Prisons requires a United States Marshal to exercise every precaution when transferring prisoners, including conducting thorough searches of the person. Due to specific problems which have arisen with the transfer of prisoners in the District of Kansas, prison officials at Leavenworth developed local procedures concerning contraband and searches before releasing prisoners to the United States Marshal's Office. This directive states:

> Effective immediately, dress-out procedures for *all inmates* to be released to the custody of the U. S. Marshals or U. S. Deputy Marshals will be conducted in the basement of the Administration Building. The Receiving and Discharge Officer will carry the dress-out clothing and escort the inmate to the release room at the time the Marshal arrives to assume custody. The inmate will be given a "strip shake-down" removing all institutional clothing and a rectal examination given by the M.T.A., and dressed in release clothing which will be thoroughly shaken down in the presence of the Marshal or his Deputy. (Director of the United States Penitentiary,

Leavenworth, Kansas, October 18, 1971.)

It is the validity of this "strip shake-down" and rectal examination procedure which is brought into question on appeal by appellants' contention that such procedures violate constitutional guarantees of privacy and prohibitions against unreasonable searches and seizures.

Appellants' assertions must be examined in light of the basic rule that control and management of federal penal institutions lies within the sound discretion of the responsible administrative agency. Judicial relief will only be granted upon a showing that prison officials have exercised their discretionary powers in such a manner as to constitute clear abuse or caprice. Perez v. Turner, 10 Cir., 462 F.2d 1056, 1057; Evans v. Moseley, 10 Cir., 455 F.2d 1084, 1086. The district court, based upon the pleadings and after taking judicial notice of facts contained in other files and records of the court and facts subject to judicial knowledge, summarily denied relief. We affirm, rejecting appellants' contentions that the searches are a basic violation of their right to privacy unless special cause is shown in justification and that, in any event, the searches must be conducted by medical doctors and in complete privacy.

Leavenworth is a maximum security institution containing many dangerous inmates and any consideration of the penitentiary's security regulations must be realistic. There are many known incidents of concealed contraband being carried by prison inmates in the rectal cavity. Several serious episodes, including the wounding of a court officer, were attributable to the ability of inmates to smuggle weapons out of prison. Given these circumstances coupled with an increasing need to assure the safety of our law enforcement and court officials, this policy of allowing rectal searches must be considered reasonable unless contradicted by a showing of wanton conduct. Graham v. Willingham, 10 Cir., 384 F.2d 367, 368. To hold that known cause

comparable to that required for a search warrant in private life must precede such a search would be completely unrealistic. It is usually the totally unexpected that disrupts prison security.

Of course, any search should be conducted by prison officials under judicious circumstances. *Cf.* Bethea v. Crouse, 10 Cir., 417 F.2d 504, 506. Rectal examinations are not medically dangerous as such and while such an examination when done for diagnostic purposes requires professional expertise a search for contraband does not. The searches were here conducted according to the directives issued by the Bureau of Prisons and the Leavenworth administration and the examinations were carried out by trained paraprofessional medical assistants in a designated area and under sanitary conditions. Also, there was no attempt on the part of officials or medical personnel to humiliate or degrade the appellants. The conclusion, therefore, to be drawn from a survey of the facts is that the rectal searches in question were, and are, a necessary and reasonable concomitance of appellants' imprisonment.

The judgments of the district court are severally affirmed.