**Steve RENE, Petitioner,**

v.

**FEDERAL PRISON INDUSTRIES, INC., Respondent.**

**No. 82 Civ. 1850.**

United States District Court, S. D. New York.

Sept. 3, 1982.

Steve Rene, pro se.

John S. Martin, Jr., U. S. Atty. for the S. D. New York, New York City, for respondent; Sally Lord, Asst. U. S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, an inmate of the Federal Correctional Institution at Otisville, New York commenced this action against the Federal Prison Industries ("Prison Industries"), named as respondent. He asserts the action is commenced under the All Writs Act, 28 U.S.C., section 1651. Since he appears pro se, his pleading is construed liberally.[1]

Petitioner was employed by Prison Industries under the Federal Prison Rehabilitation Program. He seeks to recover back pay from January 18, 1982 to February 2, 1982, during which period he did not work. He charges he was discriminated against in that other inmates, "hand picked," were allowed to work during the period in question and consequently he was deprived of pay.

---

1. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Morpurgo v. Board of Higher Education*, 423 F.Supp. 704, 713 (S.D.N.Y.1976).

The respondent moves to dismiss the petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Respondent has filed a Rule 3(g) statement under the Civil Rules of this Court from which the following facts appear: petitioner worked as a shipper-packer for Prison Industries' sign factory at Otisville; that on January 18, 1982, the sign factory's electrical system failed due to a power outage; that on January 31, 1982, temporary power was restored to the facility; that on January 31, 1982, certain inmates were recalled to jobs that could be performed with temporary or no power; that on February 2 all inmates, including petitioner, were returned to work.[2] The Superintendent of Prison Industries at the Otisville Institution has submitted an affidavit confirming the factual averments in the Rule 3(g) statement. Additional matters are stated, such as, that the power outage was caused by power generator malfunction; that immediate contact was made with New York Orange and Rockland Power Company to obtain assistance in restoring power to the sign factory; that the first attempt to replace the faulty generator failed; that the second attempt was successful and power was restored on January 31, 1982; that when temporary power was restored to the facility, nineteen inmates who worked on assignments where they could function with temporary power or no power at all were recalled; that petitioner's work as a shipper-packer required electricity in order to function and thus he and others on like assignments were not returned to work until February 2, 1982.

The Attorney General is vested with discretionary authority over the administration of the rehabilitation programs for federal prisoners.[3] The courts may intervene only upon a showing that the discretionary authority has been exercised in an arbitrary or capricious manner.[4] There is no dispute that there was a power failure for the period in question and thus there can be no basis for any claim of arbitrary or capricious conduct on the part of the respondent with respect to allowing men to work or not to work as conditions permitted. Petitioner nonetheless claims that he is entitled to be paid for the lost days on two grounds: (1) that other inmates were recalled before February 2 and thus he was discriminated against, and (2) that contrary to the respondent's position that the outage was due to an "Act of God," in fact it was caused by faulty equipment and negligent maintenance of the power unit. Neither contention gives rise to an entitlement to back pay in favor of the petitioner. The group of inmates recalled prior to February 2 was assigned to jobs that did not require power or whose work could continue with only temporary power. That such men were assigned to those jobs was not discrimination. This involved an exercise of judgment. It was within the discretion of the authorities to make the job assignment and petitioner was not entitled to be shifted from his assigned job of shipper-packer to another position.

As to the contention that the malfunctioning of the power unit was due to respondent's negligence, even assuming this to be true, petitioner does not state a valid claim. It does not rise to the level of an abuse of discretion for the administrator

2. Respondent alleges petitioner and all other inmates were returned to their assigned jobs on February 1. We accept that he started working on February 2.

3. 18 U.S.C. § 4042 provides:
   The Bureau of Prisons, under the direction of the Attorney General, shall—
   (1) have charge of the management and regulation of all Federal penal and correctional institutions;

. . . . .

   (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;

4. *Sellers v. Ciccone,* 530 F.2d 199, 202 (8th Cir. 1976); *Daughtery v. Harris,* 476 F.2d 292, 294 (10th Cir.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 112, 38 L.Ed.2d 91 (1973).

not to pay inmates for days not worked even if the work stoppage was the result of the administrator's negligence.

The respondent is entitled to prevail upon both branches of his motion. Accordingly, the complaint is dismissed.